IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

MAURICE LATHAN,

    Petitioner,

v.

SHERRI DUFFEY, Warden,

    Respondent.

CASE NO. 2:09-cv-1002
JUDGE SARGUS
MAGISTRATE JUDGE KEMP

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. This matter is before the Court on its own motion to consider the sufficiency of the petition. *See* Rule 4 of the Rules Governing Section 2254 Proceedings in the United States District Courts. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.**

According to the petition, this action involves petitioner's November 6, 2007, convictions in the Guernsey County Court of Common Pleas pursuant to his guilty plea on possession of cocaine. He was sentenced to ten years incarceration. Petitioner indicates that the Ohio Fifth District Court of Appeals denied his motion for leave to appeal,[1] and on

---

[1] It is not clear whether petitioner ever filed an appeal of the appellate court's decision to the Ohio Supreme Court. Since petitioner indicates that the Ohio Supreme Court "denied leave" to appeal on October 15, 2009, the same date that the Ohio Supreme Court dismissed his state habeas corpus petition, the Court presumes that petitioner filed only one action in the Ohio Supreme Court, that being his state habeas corpus petition. *See Lathan v. Duffey*, 123 Ohio St.3d 1420 (2009), *reconsideration denied by Lathan v. Duffey*, 123 Ohio St.3d 1512 (2009).

October 15, 2009, the Ohio Supreme Court *sua sponte* dismissed his state habeas petition.

On November 5, 2009, petitioner filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. He alleges that he is in the custody of the respondent in violation of the Constitution of the United States based upon the following grounds:

> 1. Trial judge lacked subject-matter jurisdiction to convict and sentence since due process wasn't in compliance with Criminal Rules.
>
> 2. [In]effective assistance of counsel.
>
> 3. Unverified Bill of Information.
>
> 4. Doctrine of judicial immunity isn't applicable due to lack of subject matter.

## CLAIMS ONE AND THREE

In claim one, petitioner asserts that the trial judge lacked subject-matter jurisdiction because he pleaded guilty to a Bill of Information, and no indictment was filed. In claim three, petitioner asserts that the Bill of Information was not verified by a notary public. These claims fail to present issues warranting federal habeas corpus relief. "It is well-settled that the Fifth Amendment guarantee of a grand jury indictment has not been applied to the states." *Thomas v. Fortner*, 2009 WL 649733 (M.D. Tenn. March 11, 2009), citing *Branzburg v. Hayes*, 408 U.S. 665 (1972); *Williams v. Haviland*, 467 F.3d 527, 531-35 (6th Cir. 2006). Further, an alleged violation of state law fails to present an issue appropriate for federal habeas corpus review. A federal court may review a state prisoner's habeas petition only on the grounds that the challenged confinement is in violation of the

2

Constitution, laws or treaties of the United States. 28 U.S.C. § 2254(a). A federal court may not issue a writ of habeas corpus "on the basis of a perceived error of state law." *Pulley v. Harris,* 465 U.S. 37, 41 (1984); *Smith v. Sowders,* 848 F.2d 735, 738 (6th Cir.1988). A federal habeas court does not function as an additional state appellate court reviewing state courts' decisions on state law or procedure. *Allen v. Morris,* 845 F.2d 610, 614 (6th Cir.1988). " '[F]ederal courts must defer to a state court's interpretation of its own rules of evidence and procedure' " in considering a habeas petition. *Id.* (quoting *Machin v. Wainwright,* 758 F.2d 1431, 1433 (11th Cir.1985)). Only where the error resulted in the denial of fundamental fairness will habeas relief be granted. *Cooper v. Sowders,* 837 F.2d 284, 286 (6th Cir. 1988). Such are not the circumstances here.

## CLAIMS TWO AND FOUR

In claim two, petitioner asserts that he was denied the effective assistance of counsel because his attorney's "overall performance didn't mount up to prongs of effective counsel." *Petition*, at 5. In claim four, petitioner asserts that the "doctrine of judicial immunity isn't applicable due to lack of subject matter" and "due process violations." *Id.*, at 6. Although the exact nature of petitioner's allegations in claims two and four are not clear, these claims appear to be unexhausted.

Before a federal habeas court may grant relief, a state prisoner must exhaust his available remedies in the state courts. *Castille v. Peoples*, 489 U.S. 346, 349, 380 (1989); *Silverburg v. Evitts,* 993 F.2d 124, 126 (6th Cir.1993). If a habeas petitioner has the right under state law to raise a claim by any available procedure, he has not exhausted that

3

claim. 28 U.S.C. § 2254(b), (c). Moreover, a constitutional claim for relief must be presented to the state's highest court in order to satisfy the exhaustion requirement. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir.1990). Where alternative state remedies are available to consider the same claim, exhaustion of one of these remedies is all that is necessary. A habeas petitioner bears the burden of demonstrating that he has properly and fully exhausted his available state court remedies with respect to the claims he seeks to present for federal habeas review. *Prather v. Rees*, 822 F.2d 1418, 1420 n. 3 (6th Cir.1987).

Petitioner does not indicate that he ever filed an appeal of the appellate court's denial of his "leave request" to appeal to the Ohio Supreme Court. That being the case, he may still pursue a motion for delayed appeal pursuant to Ohio Supreme Court Rule of Practice II, Section 2(A)(4)(a). Any claim of ineffective assistance of counsel not apparent from the face of the record would have to have been raised in a post-conviction proceeding in the state court, and is also unexhausted (or, if petitioner can no longer file a timely post-conviction petition, this claim would be procedurally defaulted). Thus, his claims remain unexhausted. Further, the record does not reflect that a stay of proceedings is appropriate. *See Rhines v. Weber*, 544 U.S. 269 (2005).

> Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted

4

> claims are plainly meritless. Cf. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

*Id.*, at 277.

Review of petitioner's habeas corpus petition fails to indicate either good cause for his failure to exhaust state court remedies, or that his unexhausted claims are potentially meritorious. *See id.*

For all the foregoing reasons, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.**

If any party objects to this *Report and Recommendation*, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the

decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985);*United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

/s/ Terence P. Kemp
United States Magistrate Judge