IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

MAURICE LATHAN,

    Petitioner,

v.

SHERRI DUFFEY, Warden,

    Respondent.

CASE NO. 2:09-cv-1002
JUDGE SARGUS
MAGISTRATE JUDGE KEMP

## OPINION AND ORDER

On January 27, 2010, final judgment was entered dismissing the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. This matter now is before the Court on petitioner's February 23, 2010, notice of appeal and request for a certificate of appealability. For the reasons that follow, petitioner's request for a certificate of appealability, Doc. No. 12, is **DENIED**.

In his habeas corpus petition, petitioner asserted, in these exact words:

> 1. Trial judge lacked subject matter jurisdiction to conviction and sentence since due process wasn't in compliance with Criminal rules.
>
> Since no indictment was returned, and defendant plead guilty to Bill of Information, trial judge lacked subject matter to convict and sentence defendant since the State of Ohio did not file the Bill of Information as required by Criminal Rule 7 with Clerk of Court within the 14 day time frame, more so no Bill of Information was filed after waiver of Indictment (violation of due process).
>
> 2. Effective assistance of counsel.
>
> Overall performance, didn't mount up to prongs of effective

counsel.

3. Unverified Bill of Information.

Bill of Information wasn't verified via notary public.

4. Doctrine of judicial immunity isn't applicable due to lack of subject matter.

Due process violations.

On January 27, 2010, final judgment was entered dismissing claims one and three as failing to present issues appropriate for federal habeas corpus review, and claims two and four as unexhausted.

When a claim has been denied on the merits, a certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). This standard is a codification of *Barefoot v. Estelle*, 463 U.S. 880 (1983). *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). To make a substantial showing of the denial of a constitutional right, a petitioner must show

> that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "'adequate to deserve encouragement to proceed further.'" *Barefoot*, 463 U.S., at 893, and n.4 . . . .

*Id.*

Where the Court dismisses a claim on procedural grounds, a certificate of appealability

> should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that

2

> jurists of reason would find it debatable whether the district
> court was correct in its procedural ruling.

*Slack v. McDaniel, supra.* Thus, there are two components to determining whether a certificate of appealability should issue when a claim is dismissed on procedural grounds: "one directed at the underlying constitutional claims and one directed at the district court's procedural holding." The court may first "resolve the issue whose answer is more apparent from the record and arguments." *Id.*

This Court is not persuaded that reasonable jurists would debate either whether the petition states a valid claim of the denial of a constitutional right or whether the Court was correct in its dismissal of petitioner's claims as unexhausted. As the Court noted in its dismissal order, the reasons that some of petitioner's claims are unexhausted is that he never filed a direct appeal from the state court of appeals' decision not to allow him to take a delayed appeal. Ohio law is clear that this method, and not the filing of a state habeas corpus petition, is the correct way to pursue review of that decision, and that proposition is not reasonably debatable. Further, his claims about the procedural sufficiency of the Bill of Information to which he pleaded guitly are clearly state law claims which cannot provide the basis for federal habeas corpus relief. Again, this proposition is not fairly debatable. Therefore, petitioner's request for a certificate of appealability, Doc. No. 12, is **DENIED.**

**IT IS SO ORDERED**.

2-26-2010

EDMUND A. SARGUS, JR.
United States District Judge

3